UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MARILYN SECORD and DEAN SECORD,

                Plaintiffs,

- against -

CHARTIS INC. as successor in interest to
AIU INSURANCE COMPANY,

                Defendant.

------------------------------------------------------------X

**OPINION AND ORDER**

09 Civ. 9934 (SAS) (FM)



SHIRA A. SCHEINDLIN, U.S.D.J.:

        Marilyn and Dean Secord (the "Secords" or "plaintiffs") commenced the instant action alleging that AIU Insurance Company ("AIU") breached the terms of their homeowner's insurance policy (the "Policy") by refusing to indemnify them fully for the estimated $1.5 million loss for damages to their high-end Connecticut residence resulting from certain "blasting" activities on adjacent properties.[1] AIU has moved to compel the Secords to participate in an appraisal process to establish the proper loss figure. The Secords object to appraisal, arguing that AIU has waived its right to appraisal by failing to make a timely demand. The

---

    [1]     AIU has not denied coverage for the Secords' loss. Rather, it is the amount of loss that is contested. Plaintiffs claim they are entitled to losses in excess of $1.4 million. AIU estimated the loss to be at least $113,774.00 but, as discussed below, AIU had not made a final determination of the amount of the loss. AIU issued plaintiffs a check in this amount in December 2007, which they refused.

Secords further argue that the appraisal provision of the Policy does not authorize an appraiser to consider questions of scope and causation in determining the amount of loss as those issues relate to coverage and liability, which are within the province of the Court (and a jury) to decide. Because I agree with plaintiffs' second argument, I find appraisal to be premature at this stage of the litigation. However, for reasons discussed *infra*, I also find the instant action to be premature.

I referred the motion to dismiss and compel appraisal to Magistrate Judge Frank Maas, who issued a Report and Recommendation ("R&R"), dated December 8, 2010.[2] In his R&R, Judge Maas recommends that I grant AIU's motion to compel an appraisal and dismiss the action, conditionally.[3] Needless to say, the Secords have objected to the findings of Judge Maas contained in the R&R[4] while AIU applauds the R&R and urges this Court to adopt it.[5]

---

[2]  *See Secord v. Chartis Inc.*, No. 09 Civ. 9934, 2010 WL 5563849 (S.D.N.Y. Dec. 8, 2010), attached as Exhibit A to plaintiffs' Objections.

[3]  *See id.* at 34 (recommending that this Court "grant AIU's motion to compel an appraisal and dismiss this action, provided that AIU agrees, in writing, that the Secords may institute a lawsuit within thirty days after the appraisal process is complete").

[4]  *See* Objection to the December 8, 2010 Report and Recommendation of The Hon. Frank Maas, U.S.M.J., dated January 21, 2011 (the "Objections").

[5]  *See* Response of Defendant AIU Insurance Company to Plaintiffs' Objections to the December 8, 2010 Report and Recommendation of the Honorable Frank Maas (the "Response"). Without providing any authority for doing so,

2

I have reviewed the R&R in depth as well as the Objections, the Response and the Reply. Based upon my *de novo* review, I hereby concur with Judge Maas as to the following: (1) Connecticut law governs the instant dispute (as opposed to New York law); and (2) AIU did not waive its right to demand an appraisal. I disagree, however, with Judge Maas' conclusion that the Secords must participate in an appraisal.[6]

The parties concede that there is no Connecticut case law addressing the appropriate scope of an appraisal within the context of a homeowner insurance policy. Judge Maas recognized this lack of precedent,[7] stating that "[w]hether an appraisal clause empowers an appraiser to consider questions of scope or causation in determining the amount of loss the insured sustained is essentially a matter of contract interpretation."[8] Here, the relevant appraisal clause states, in pertinent part, as follows: "'If you and we fail to agree on the *amount of loss*, either party

---

plaintiffs submitted a reply to defendant's Response. *See* Plaintiff's [sic] Reply to Defendant's Response to Plaintiffs' Objection to the December 8, 2010 Report and Recommendation of the Hon. Frank Maas, U.S.M.J. (the "Reply").

[6] *See* R&R at 32 ("[U]nder Connecticut law, the Secords must participate in an appraisal, although both they and AIU may later revisit any contested issues of liability before a court.").

[7] *See id.* at 30 ("[B]oth sides conclude that the Connecticut courts have not yet adequately addressed the appropriate scope of an appraisal.").

[8] *Id.* at 17.

may make a written demand that each selects an independent appraiser. . . . The independent appraisers will then appraise the loss and submit any differences to the arbitrator. . . ."[9] In assessing the role of appraisers under Connecticut law, Judge Maas stated: "Connecticut courts appear to agree that an appraisal is designed to answer factual questions concerning the amount of loss, and is thus an inappropriate means of resolving legal disputes as to the existence of coverage or liability under an insurance policy."[10]

Nonetheless, Judge Maas noted that under Connecticut law, "parties may proceed with an appraisal even if the insurer denies coverage" and they need not "resolve their legal contentions before an appraisal may occur."[11] Furthermore, the Connecticut Supreme Court has held that an appraisal clause in an insurance contract is the equivalent of an agreement to arbitrate.[12] Relying on the analogy to arbitration, Judge Maas concluded that "the parties to this action *could* submit to

---

[9] *Id.* at 11 (quoting Policy, Part IV(M), emphasis added).

[10] *Id.* at 21.

[11] *Id.* at 22 (citing *Giulietti v. Connecticut Ins. Placement Facility*, 534 A.2d 213, 216-17 (Conn. 1987)).

[12] *See id.* at 23 (citing *Covenant Ins. Co. v. Banks*, 413 A.2d 862, 865-66 (Conn. 1979) ("It is important as a matter of policy to have a device that allows one party to an insurance contract to compel compliance with the policy's appraisal procedure when the other party is reluctant to proceed.")).

the appraisers their entire dispute regarding scope and causation."[13] This conclusion is based on Judge Maas' penultimate holding that "appraisers may consider causation and scope when determining the amount of loss."[14]

The problem with Judge Maas' analysis is that he considers what the parties could have done, not what they did. AIU could have included a general arbitration clause in its Policy, but it did not. Alternatively, the parties could have expressly authorized the appraisers to decide scope and coverage issues in determining loss amount, but they did not. What the parties did, however, was alert this Court to a legal dispute that must be resolved as a prerequisite to bringing

---

[13] *Id.* (emphasis added). The cases cited by Judge Maas in support of this proposition, *Steiner v. Middlesex Mutual Assurance Co.*, 689 A.2d 1154 (Conn. App. Ct. 1997), and *Middlesex Mutual Assurance Co. v. Komondy*, 991 A.2d 587 (Conn. App. Ct. 2010), are distinguishable from the case at bar because the parties in those cases agreed to an appraisal. *See Steiner*, 689 A.2d at 1155 ("The parties were unable to agree on the value of the damages, and they, therefore, agreed to have the matter of the loss determined through an appraisal process provided under the policy."); *Komondy*, 991 A.2d at 590 ("Following a provision in the policy, the parties submitted the dispute to arbitration by appraisers.").

[14] R&R at 33 ("In *Giulietti*, however, the Connecticut Supreme Court *clearly held as a matter of law* that appraisers may consider causation and scope when determining the amount of loss.") (emphasis added). Despite this definitive statement, I can find no such holding in the *Giulietti* decision. In any event, *Giulietti* is distinguishable because there it was the insurer, not the insured, who resisted an appraisal based on its denial of any and all coverage. *See Giulietti*, 534 A.2d at 216-17. Although the court disapproved of the defendant's position, it found that the plaintiffs waived their right to an appraisal by proceeding to trial on the question of loss amount. *See id.* at 217.

suit. The appraisers will be able to determine the amount of the loss only after this Court separates the losses attributable to the blasting activities (covered) from those attributable to general wear and tear (not covered). To direct the parties to proceed with an appraisal, before the exact contours of insurer liability have been judicially established, would place the proverbial cart before the horse.

Contrary to Judge Maas, I find that an appraisal is not a condition precedent to the instant action. Judge Maas cites the following Policy provision as "prohibiting the Secords from bringing suit until the amount of loss has been determined" through an appraisal:[15]

> You also agree to bring any action against us within one year after a loss occurs, but not until thirty (30) days after proof of loss has been filed and *the amount of loss has been determined.*[16]

Judge Maas relied on this provision in stating that "the Policy makes appraisal a condition precedent to legal action when appraisal has been properly demanded."[17] Judge Maas' interpretation of this provision is far too broad. The provision does not state that the amount of loss must be determined *by an appraisal*. In fact, the provision is silent as to how the amount of loss must be determined and who must

---

[15]   R&R at 33-34.

[16]   Policy, Part IV ¶ K (emphasis added) ("Paragraph K").

[17]   R&R at 34.

make that determination. Given this ambiguity, the policy must be construed against the insurer under the principles of *contra proferentum*.

General principles of contract interpretation are the same in both Connecticut and New York. "An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy."[18]

> The policy words must be accorded their natural and ordinary meaning. Under well established rules of construction, any ambiguity in the terms of an insurance policy must be construed in favor of the insured because the insurance company drafted the policy. This rule of construction may not be applied, however, unless the policy terms are indeed ambiguous.[19]

A policy provision similar to the one quoted above was interpreted in *Erlichman v. Encompass Insurance Company*.[20] In *Erlichman*, the insurance policy provided that no action could be brought against the insurer "until 30 days after the proof of

---

[18]   *Schultz v. Hartford Fire Ins. Co.*, 569 A.2d 1131, 1134 (Conn. 1990).

[19]   *Hansen v. Ohio Cas. Ins. Co.*, 687 A.2d 1262, 1264-65 (Conn. 1996) (citations omitted).

[20]   No. 13432-02, 2004 WL 1433085 (Sup. Ct. Nassau Co. June 18, 2004).

loss has been filed and the amount of loss has been determined."[21] In construing that provision, the court stated:

> The requirement that the policyholder file a proof of loss and await a determination of the amount of loss can reasonabl[y] be read as a condition precedent to the commencement of an action against the carrier by the insured. The policy requires both a filing of a proof of loss and a determination of the amount of the loss before an action can be commenced. The terms are used conjunctively meaning that both events must occur before an action can be commenced.
>
> The term "amount of loss has been determined" is not defined by the policy. The average policyholder could give this provision a "common speech" interpretation that the policyholder cannot commence an action *until the insurance company has made an offer to settle or has denied the claim*. Since *Encompass* has done neither, a condition precedent to the commencement of an action has not occurred and the time in which to commence an action has not yet run.[22]

The court concluded that the provision in issue was "designed to prevent the policyholder from commencing an action against the carrier *until the carrier* has had the opportunity to review and consider the claim and decide on whether to settle or deny the claim."[23]

---

[21]  *Id.* at *2.

[22]  *Id.* at *4 (emphasis added).

[23]  *Id.* at *5 (emphasis added).

loss has been filed and the amount of loss has been determined."[21] In construing that provision, the court stated:

> The requirement that the policyholder file a proof of loss and await a determination of the amount of loss can reasonabl[y] be read as a condition precedent to the commencement of an action against the carrier by the insured. The policy requires both a filing of a proof of loss and a determination of the amount of the loss before an action can be commenced. The terms are used conjunctively meaning that both events must occur before an action can be commenced.
>
> The term "amount of loss has been determined" is not defined by the policy. The average policyholder could give this provision a "common speech" interpretation that the policyholder cannot commence an action *until the insurance company has made an offer to settle or has denied the claim*. Since *Encompass* has done neither, a condition precedent to the commencement of an action has not occurred and the time in which to commence an action has not yet run.[22]

The court concluded that the provision in issue was "designed to prevent the policyholder from commencing an action against the carrier *until the carrier* has had the opportunity to review and consider the claim and decide on whether to settle or deny the claim."[23]

---

[21]  *Id.* at *2.

[22]  *Id.* at *4 (emphasis added).

[23]  *Id.* at *5 (emphasis added).

Applying the above principles of contract interpretation to the instant dispute yields one inescapable conclusion, namely, the insurance Policy between the parties requires the insurer, AIU, to make an initial loss determination before the insureds, the Secords, can bring suit challenging that determination. The Policy does not, however, state that the initial loss determination must be made through an appraisal and this Court refuses to impose such a requirement where there is no authority for doing so. Furthermore, because questions regarding scope and causation are left for this Court to decide preliminarily, an appraisal would be premature at this stage. The question, therefore, is whether AIU has determined the amount of loss in accordance with Paragraph K of the Policy.

During a telephone conference held on March 4, 2011, plaintiffs' attorney argued that AIU determined the amount of the loss in December 2007, when it issued a check to plaintiffs for $113,774.00. In response, defendant's attorney stated that the check represented partial payment and that AIU was trying to establish the total loss amount when plaintiffs brought suit. After the teleconference, defendant's attorney submitted correspondence between the Secords and John D. Skoblicki, the second AIU adjuster, demonstrating that the check for $113,774.00 did, in fact, represent a partial payment.[24] Because AIU

---

[24] *See* 5/8/08 Letter from the Secords to Skoblicki ("It is important to note that, according to Mr. Milton, Mr. Usich represented to Mr. Milton that this

9

was in the process of ascertaining the full amount of loss when plaintiffs initiated this action (29 days after proof of loss was sent to AIU rather than the required 30), the amount of loss had not been determined by AIU in accordance with the terms of Paragraph K. Thus, the instant action was premature and must be dismissed without prejudice.[25]  Accordingly, AIU is hereby ORDERED to make an expedited determination of the full amount of the Secords' loss within thirty days of the date of this Opinion and Order and then tender that amount to the Secords.

In sum, defendant's motion to dismiss and to compel an appraisal is granted in part and denied in part. The motion is granted to the extent that this action is hereby dismissed without prejudice, subject to reinstatement within thirty days after AIU determines the loss and tenders that amount to the Secords. Furthermore, defendant's request to compel the Secords to participate in an appraisal is denied because Paragraph K of the Policy does not expressly require that the amount of loss be determined by an appraisal. Furthermore, an appraisal would be inappropriate at this time because there are questions of scope and

---

settlement was partial, although there is absolutely no notation on the check that represents this fact."); 5/9/08 Letter from Skoblicki to the Secords ("Hopefully we can evaluate your situation with a fresh perspective with a focus on the damages sustained and the appropriate repair plan at a fair and reasonable cost.").

[25]  The section of the R&R entitled Relief, Part II(D), is hereby modified to the extent that it requires an appraisal as a condition precedent to legal action.

causation that must first be resolved by this Court.

Accordingly, I hereby adopt the Report and Recommendation of Magistrate Judge Frank Maas, with the exception of Parts II(C) and III, and with Part II(D) as modified herein.  Defendant's motion to dismiss or stay the action pending appraisal and to compel an appraisal is therefore granted in part and denied in part.  The Clerk of the Court is directed to close this motion (Document # 14) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         March 7, 2011

## - Appearances -

**For Plaintiff:**

Scott J. Kantor, Esq.
Weg and Myers, P.C.,
52 Duane Street, 2nd Floor
New York, NY 10007
(212) 227-4210

**For Defendant:**

Costantino P. Suriano, Esq.
William D. Wilson, Esq.
Mound, Cotton, Wollan & Greengrass
One Battery Park Plaza
New York, NY 10004
(212) 804-4235